**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KATHLEEN J. DELANOY, | : |
| Plaintiff, | : Civil Action No. 13-1555 (PGS)(DEA) |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| TOWNSHIP OF OCEAN, *et al.*, | : |
| Defendants. | : |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Plaintiff for reconsideration of the Court's September 30, 2014 Order [Dkt. No. 39], which denied Motions filed by Plaintiff seeking: (1) Leave to file an Amended Complaint [Dkt. No. 30]; and (2) an Order compelling discovery from Defendants and extending the discovery period [Dkt. No. 31].[1] *See* Dkt. No. 40. Defendants oppose Plaintiff's Motion [Dkt. No. 42].[2] For the reasons set forth below, Plaintiff's Motion for reconsideration [Dkt. No. 40] is DENIED.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's Complaint was originally filed in the Superior Court of New Jersey, Monmouth County, Law Division on January 22, 2013. *See* Dkt. No. 1, Ex. A. Defendants

---

[1] The Court's September 30, 2014 Order also denied a Motion by Plaintiff for reconsideration of the Court's April 25, 2014 Order, which required Plaintiff to provide her medical records [Dkt. No. 33]. The portion of the Court's Order denying Plaintiff's Motion for reconsideration of the Court's April 25, 2014 Order is not included in Plaintiff's present Motion.

[2] Plaintiff filed a reply brief in support of her Motion for reconsideration without requesting or receiving permission from the Court to do so. *See* Dkt. No. 46. Under Local Civil Rule 7.1(d)(3), "[n]o reply papers shall be filed, unless permitted by the Court . . ." for Motions for reconsideration. Accordingly, because Plaintiff's reply brief was submitted without leave from the Court, it will not be considered in the Court's decision.

1

removed the action to this Court on March 13, 2013. *See* Dkt. No. 1. In her Complaint, Plaintiff, a Police Officer employed by Defendant the Township of Ocean (the "Township"), alleges that she suffered discrimination and retaliation as a result of her pregnancy.

Since the parties are intimately familiar with the facts pertaining to Plaintiff's pending Motion for reconsideration, the Court will not recite them at length. The Court's initial Pretrial Scheduling Order stated that any "motion to amend the pleadings or join new parties . . . must be filed by August 30, 2013." *See* Dkt. No. 6. Thereafter, the Court provided Plaintiff with several extensions of this deadline. *See* Dkt. Nos. 7 and 9. On December 23, 2013, the Court entered an Amended Scheduling Order, which set a final deadline for filing any "motion to amend the pleadings or join new parties" of March 1, 2014. *See* Dkt. No. 14. On April 28, 2014, only two days before the end of discovery, Plaintiff filed a Motion for leave to amend her Complaint to name eight additional defendants. *See* Dkt. No. 30. In support of her Motion to amend, Plaintiff stated that discovery had revealed that each of the proposed additional defendants "were provided with notice of [P]laintiff's claim of discrimination and failed to investigate or otherwise take appropriate action." *Id.* at p. 2.

The Court denied Plaintiff's Motion to amend for two reasons. First, the Court noted that despite being granted several extensions, Plaintiff had "unaccecptably failed to adhere to the discovery deadlines set forth in the Scheduling Order" and had "inexplicably failed to request an extension of the March 1, 2014 deadline prior to filing her Motion to Amend." Dkt. No. 39 at p. 6-7. Accordingly, because "Plaintiff did not set forth any justification for the late filing of her amended pleading", the Court found that Plaintiff failed to show good cause for her delay in moving to amend under Federal Rule of Civil Procedure 16(b). *Id.* at p. 7. In addition to finding that Plaintiff failed to demonstrate good cause for her lack of compliance with the Court's

2

Amended Scheduling Order, the Court found that "the lengthy gap between when Plaintiff knew the information necessary to amend her pleadings, and when she attempted to do so, constituted 'undue delay'" in violation of Federal Rule of Civil Procedure 15. *Id.* Second, the Court noted that in addition to being untimely, Plaintiff's proposed amendments were likely futile "because the claims against the newly named individual defendants proposed to be joined in this lawsuit are time-barred by the applicable statute of limitations." *Id.*

Two days after filing her Motion to amend, Plaintiff filed a Motion to compel discovery from Defendants and to extend the discovery period. *See* Dkt. No. 31. In her Motion, Plaintiff argued that discovery had revealed facts indicating that other instances of discrimination had taken place, and that Defendants refused to produce discovery on these issues because the requested documents were subject to the attorney-client privilege.

The Court denied Plaintiff's Motion to compel finding that the arguments set forth by Plaintiff were "vague and unsupported by specific references to the record." Dkt. No. 39 at p. 12. The Court noted that with respect to the materials sought by Plaintiff related to investigations into other incidences of discrimination, "Defendants have produced the relevant materials in their possession, and have not committed any wrongdoing in the discovery process." *Id.* Turning to Plaintiff's Motion to extend discovery, based on the agreement of the parties, the Court allowed Plaintiff an extension of time to obtain an expert report.

## II.     DISCUSSION

Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.,* Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah,* 351 F. Supp. 2d 295, 297 (D.N.J. 2005)). Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it

3

ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *Compaction Sys. Corp.,* 88 F. Supp. 2d at 345.

A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original hearing. *See Levinson v. Regal Ware, Inc.,* Civ. No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *3 (D.N.J. Dec. 1, 1989). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

### A. Plaintiff's Motion to Amend

In Plaintiff's Motion for reconsideration of the Court's Order denying her Motion for leave to file an Amended Complaint, Plaintiff claims that the delay in moving to amend her Complaint was caused by a delay in the depositions of several witnesses until April of 2014. According to Plaintiff, the depositions taken in April 2014 revealed "facts regarding those responsible for promulgating and maintaining the policies of [the Township]" and alerted Plaintiff for the first time who conducted "various investigations into claims of discrimination and retaliation made by [P]laintiff and others." Dkt. No. 40 at p. 1-2.

In support of her Motion for reconsideration, Plaintiff argues that the Court "overlooked crucial facts and erred on the applicable legal standard." *Id.* In support of this assertion, Plaintiff sets forth approximately 24 predominately single-spaced pages of facts Plaintiff claims were "overlooked" by the Court in denying her Motion to amend. *See Id.* at p. 6-29. The lengthy volume of facts presented by Plaintiff in her Motion for reconsideration stands in stark contrast to the 2 pages of facts submitted by Plaintiff in support of her Motion for leave to file an Amended Complaint. *See* Dkt. No. 30. The additional facts presented by Plaintiff in her Motion for reconsideration were previously available to Plaintiff and Plaintiff's failure to include these additional facts in her Motion to amend is not a proper basis for reconsideration. *See Dunkley v. Mellon Investor Servs.,* 378 F. App'x 169, 172 (3d Cir.2010); *Bowers,* 130 F.Supp.2d at 613 (reconsideration is not a means to expand the record to include matters not originally before the court). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe,* 555 F.3d at 957 (citation omitted) (internal quotation marks omitted); *see also Summerfield v. Equifax Info. Servs. LLC,* 264 F.R.D. 133, 145 (D.N.J.2009) ("A motion for reconsideration will [ ] fail if the moving party raises argument[s] ... that could have been raised

5

... before the original decision was reached."). Accordingly, the Court finds that Plaintiff has failed to demonstrate any facts that were overlooked by the Court in denying her Motion to amend or the availability of new evidence not available to Plaintiff when her Motion to amend was filed.

In addition to her assertion that "crucial facts" were overlooked by the Court, Plaintiff claims that the Court "erred on the applicable legal standard" in denying her Motion to amend. Plaintiff claims that the Court's application of the "good cause" standard under Federal Rule of Civil Procedure 16(a)(4) was erroneous and that instead, the Court should have employed the standard under Rule 15 and granted Plaintiff's Motion to amend because "Defendants can make no showing of substantial or undue prejudice." Dkt. No. 40 at p. 29. Contrary to Plaintiff's assertion, the Court considered Plaintiff's Motion to amend under both Rule 16 and Rule 15, and in addition to finding that Plaintiff had failed to demonstrate good cause for her failure to comply with the discovery deadlines in the Scheduling Order under Rule 16, the Court found that Plaintiff's Motion constituted undue delay under Rule 15 and that Plaintiff's proposed amendments were likely futile. *See* Dkt. No. 39 at p. 6-8. The Court is unconvinced by Plaintiff's arguments and finds that Plaintiff is asking the Court to "rethink what is already thought through—rightly or wrongly," which does not meet the requirements for reconsideration under Local Civil Rule 7.1(i). *Fishbein Fam. P'ship v. PPG Indus.,* No. Civ.A.93—653, 1994 U.S. Dist. LEXIS 18812, at *3 (D.N.J. Dec. 28, 1994).

The Court has reviewed the authority cited by Plaintiff and finds nothing to suggest that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)

(internal citations and quotations omitted). Accordingly, Plaintiff's Motion for reconsideration of the Court's Order denying her Motion to Amend is DENIED.

### B. Motion to Compel and Extend Discovery

In Plaintiff's Motion for reconsideration of the Court's Order denying her Motion to compel discovery from Defendants and extend discovery, Plaintiff claims that the Court "wrongly conclude[ed] that [D]efendants have produced all materials requested by [P]laintiff." Dkt. No. 40 at p. 31. In support of her Motion for reconsideration, Plaintiff asserts that requested documents have not been produced by Defendants, that Defendants deleted emails which should have been maintained and that Defendants "relied upon the advice of counsel in promulgating and/or preserving the written policies at issue." *Id.* at p. 31-34. All of Plaintiff's present arguments were presented to the Court in Plaintiff's Motion to compel and extend discovery and were considered by the Court in denying the Motion. While Plaintiff may disagree with the Court's ruling denying her Motion to compel and extend discovery, her disagreement amounts to a difference opinion with the Court's decision, which should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 162 (D.N.J. 1998).

Accordingly, because Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence or the need to correct a clear error of law or fact to prevent manifest injustice, Plaintiff's Motion for reconsideration of the Court's Order denying her Motion to compel and extend discovery is DENIED.

### III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 12th day of May, 2015,

**ORDERED** that Plaintiff's Motion for reconsideration [Dkt. No. 40] is **DENIED**.


/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge