## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KATHLEEN J. DELANOY, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-1555 (PGS)(DEA) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| | : | |
| TOWNSHIP OF OCEAN, *et al.,* | : | |
| | : | |
| Defendants. | : | |

ARPERT, Magistrate Judge

This matter comes before the Court on four Motions: (1) a Motion by Defendants to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b) [Dkt. No. 43]; (2) a Cross-Motion by Plaintiff requesting the entry of a Protective Order [Dkt. No. 50]; (3) a Motion by Defendants to seal portions of the reply brief submitted in support of their Motion to dismiss [Dkt. No. 53]; and (4) a second Cross-Motion by Plaintiff requesting the entry of a Protective Order [Dkt. No. 55]. For the reasons set forth below: (1) Defendants' Motion to dismiss [Dkt. No. 43] is DENIED; (2) Plaintiff's Cross-Motion for the entry of a Protective Order [Dkt. No. 50] is DENIED; (3) Defendants' Motion to seal portions of their reply brief [Dkt. No. 53] is GRANTED; and (4) Plaintiff's second Cross-Motion for the entry of a Protective Order [Dkt. No. 55] is DENIED.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint was originally filed in the Superior Court of New Jersey, Monmouth County, Law Division, on January 22, 2013. *See* Dkt. No. 1, Ex. A. Defendants

removed the action to this Court on March 13, 2013. *See* Dkt. No. 1. In her Complaint, Plaintiff, a Police Officer employed by Defendant the Township of Ocean (the "Township"), alleges that she suffered discrimination and retaliation as a result of her pregnancy in violation of the New Jersey Law Against Discrimination, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

Since the parties are intimately familiar with the facts pertaining to the present Motions, the Court will not recite them at length. At the outset, the Court notes that Plaintiff's medical records, which are the subject of the present Motions, have been an ongoing and contentious issue in this litigation. Specifically, Plaintiff's reluctance, and until recently outright refusal, to produce her medical records has been the basis of several disputes between the parties and several rulings by the Court. In January 2014, Defendants requested that Plaintiff provide executed HIPAA authorizations for medical records pertaining to Plaintiff's subject pregnancy as well as records for any treatment relevant to Plaintiff's emotional distress claim. Plaintiff refused to provide the requested HIPAA authorizations and the parties appeared before the Court for a hearing on April 1, 2014 to address the issue. During the hearing, following a lengthy dialogue with counsel, the Court directed Plaintiff's counsel to submit a Consent Order or Stipulation in an effort to resolve the issue surrounding the production of Plaintiff's medical records related to her claim for emotional distress. The Consent Order/Stipulation was to (1) limit Plaintiff's emotional distress claim to a generic or "garden variety" claim, (2) restrict Plaintiff from presenting evidence of treatment by any professional or evidence regarding any medications or prescriptions that were prescribed or taken for any emotional distress, and (3) preclude Plaintiff from presenting expert testimony regarding causation or permanency of any emotional distress.

The Stipulation was not submitted by Plaintiff until December 5, 2014, more than seven months after the hearing. *See* Dkt. No. 51.

Also during the April 1, 2014 hearing, Defendants requested that Plaintiff execute HIPAA authorizations for two medical providers from whom Plaintiff sought treatment during her pregnancy: (1) Brielle Obstetrics & Gynecology ("Brielle Obstetrics"); and (2) Monmouth Medical Center Associates ("Monmouth Medical").  Plaintiff objected and urged the Court to allow her to obtain these records and redact any irrelevant and private information before producing them.  The Court agreed to this proposal and entered an Order on April 2, 2014 directing Plaintiff's counsel to:

> [P]romptly obtain and produce certified true and complete copies of the Plaintiff's medical records from her treating ob/gyn covering the period of her pregnancy including office notes, records, reports, test results and related correspondence. Counsel may redact unrelated, sensitive medical information from these materials.

*See* Dkt. No. 22. Plaintiff did not produce her medical records as ordered and on April 25, 2014, the Court entered a subsequent Order directing Plaintiff to provide her medical records, after making appropriate redactions, no later than April 30, 2014. *See* Dkt. No. 27. Plaintiff did not comply with the Court's Order, and instead filed a Motion for reconsideration on May 9, 2014. *See* Dkt. No. 33.

In her Motion for reconsideration of the Court's April 25, 2014 Order, Plaintiff argued that her right to privacy had not been adequately considered and that her privacy rights outweighed Defendants' interests in her medical records. *See* Dkt. No. 33. On September 30, 2014, the Court denied Plaintiff's Motion for reconsideration, stating that:

> [T]he Court has considered Plaintiff's privacy concerns and, acknowledging such concerns, has allowed Plaintiff to redact any irrelevant or private information.  Plaintiff has failed to articulate any reason why this solution is inadequate to protect her rights.  In

3

fact, given the extensive factual and procedural history concerning the issue of Plaintiff's medical records, the Court finds that the present Motion for Reconsideration borders on being frivolous.

Dkt. No. 39 at p. 4.[1]

Pursuant to the Court's Order, Defendants sent a letter to Plaintiff requesting her medical records on September 30, 2014. On October 14, 2014, Plaintiff produced only her redacted records from Brielle Obstetrics and not her records from Monmouth Medical. In addition to failing to provide Plaintiff's records from Monmouth Medical, Defendants contend that Plaintiff failed to comply with the Court's April 25, 2014 Order by "improperly redact[ing] almost the entirety of the records produced from Brielle Obstetrics and Gynecology" and failing to provide a Certification from Plaintiff's counsel stating that he had obtained an "entire set" of Plaintiff's medical records. Dkt. No. 43 at 3-4. Accordingly, Defendants sent Plaintiff a request to immediately provide:

> (a) unredacted records with the doctor's comments, diagnosis, impressions and/or recommendations from Brielle Obstetrics and Gynecology;
> (b) the records from Monmouth County Medical Center Associates; and
> (c) a Certification of counsel.

Dkt. No. 43, Ex 6. In response, Plaintiff's counsel provided the requested Certification regarding the Brielle Obstetrics records and advised that the records from Monmouth County Medical had been requested and would be provided to Defendants after they had been reviewed and redacted by Plaintiff. On November 28, 2014, after Defendants filed the present Motion to dismiss, Plaintiff provided her medical records from Monmouth Medical.

---

[1] The Court's September 30, 2014 Order also denied Motions by Plaintiff seeking leave to file an Amended Complaint and requesting the entry of an Order compelling discovery from Defendants. *See* Dkt. No. 39.

Based on the foregoing, Defendants contend that Plaintiff has repeatedly failed to adhere to the Orders of this Court and, therefore, her Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b). In opposition, Plaintiff claims that she is "in compliance with the Court's Orders . . . and has produced all discovery required, subject to redaction of private and irrelevant information." Dkt. No. 49 at p. 11. In addition, Defendants filed a Motion to seal Plaintiff's medical records and Plaintiff filed Cross-Motions to Defendants' Motion to dismiss and Defendants' Motion to seal seeking the entry of a Protective Order "declaring [P]laintiff's medical records in question to be protected, private and irrelevant to the instant matter and therefore protected from disclosure." Dkt. No. 55, Burke Cert. at ¶ 22.

## II.    DISCUSSION

### A. Defendants' Motion to Dismiss Plaintiffs Complaint

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of a complaint for a failure to prosecute or comply with court orders. In deciding dismissal under Rule 41(b), courts must consider: (1) the extent of the party's personal responsibility; (2) the prejudice to adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984). Courts can decide to dismiss without applying every single factor, but must still consider them. *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). Dismissal is a harsh remedy and should be reserved for only the most extreme cases, as "the policy of the law is to favor the hearing of a litigant's claim on the merits." *Spain v.*

*Gallegos,* 26 F.3d 439, 454 (3d Cir.1994) (citing *Marshall v. Sielaff,* 492 F.2d 917, 918 (3d Cir.1974)).

### *1. Plaintiff's Personal Responsibility*

The Court cannot definitively place responsibility for Plaintiff's failure to comply with its Orders of April 2, 2014 and April 25, 2014 solely on Plaintiff herself. The fault here could lie with Plaintiff, her attorney, or a combination of both. Although Plaintiff's claims in this suit are based on alleged discrimination suffered as a result of her pregnancy, Plaintiff has repeatedly objected to the disclosure of any medical records related to her pregnancy. On multiple occasions, the Court has considered Plaintiff's privacy concerns, and acknowledging those concerns, allowed Plaintiff the remedy of her choice; that is to obtain her own records and to redact any private or irrelevant information prior to disclosure. Despite the Court's repeated decisions on this issue, Plaintiff continues to argue that her medical records are "private and irrelevant" and therefore not subject to disclosure.

While Plaintiff has actively objected to the production of her medical records, it appears that Plaintiff herself is not solely to blame for her failure to comply with the Court's Orders of April 2, 2014 and April 25, 2014. Although Plaintiff's reluctance in producing her medical records may be to blame for the lengthy delay in producing her records from Brielle Obstetrics, Plaintiff's counsel states that the records from Monmouth Medical were not even requested until several months after the Court's April 25, 2014 Order because of counsel's mistaken belief that the records were not subject to disclosure. Although the Court cannot place the blame solely on Plaintiff herself, the Court finds that Plaintiff has repeatedly resisted the Court's Orders requiring the production of her medical records and is therefore at least partially responsible for the failure

to produce such records until over seven months after the deadline set by the Court. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### 2. *Prejudice to Defendants*

Under the second *Poulis* factor, the Court considers the "prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery." *Poulis,* 747 F.2d at 868. In the *Poulis* analysis, "[e]vidence of prejudice to an adversary 'bear[s] substantial weight in support of a dismissal or default judgment.'" *Adams v. Trustees of N.J. Brewery Employee's Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984)). "Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Id.* "A party may also be prejudiced if its 'ability to prepare effectively a full and complete trial strategy' is impeded." *Chiarulli v. Taylor*, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) (citing *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir.2003)).

Here, Defendants claim that Plaintiff has failed to respond to discovery requests and has failed to comply with the Court's Orders requiring the disclosure of Plaintiff's medical records. Plaintiff asserts that Defendants are not entitled to her medical records and therefore Defendants have not been prejudiced by Plaintiff's delay in producing them. Although the Court notes that as a result of Plaintiff's continued refusal to produce her medical records Defendants have repeatedly been forced to seek relief on this issue, Defendants have failed to identify any prejudice they have suffered as a result of Plaintiff's delayed disclosure of her medical records. Accordingly, the Court finds that this factor weighs against dismissal.

### *3. History of Dilatoriness*

Under the third *Poulis* factor, the Court considers whether the non-moving party has demonstrated a history of dilatoriness. *Poulis,* 747 F.2d at 868. "'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.'" *Chiarulli,* 2010 WL 1371944, at *3 (citing *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 874). Here, Defendants assert that although Plaintiff eventually produced her medical records, the records were not produced until seven months after the deadline set forth in the Court's April 25, 2014 Order. Plaintiff contends that she "has always endeavored to promptly and expeditiously comply with the Court's Orders." Dkt. No. 49 at p. 14.

On April 2, 2014, Plaintiff was ordered to "promptly obtain and produce" her medical records. *See* Dkt. No. 22. After Plaintiff failed to produce her medical records, on April 25, 2014, the Court ordered Plaintiff to produce her medical records no later than April 30, 2014. *See* Dkt. No. 27. Although Plaintiff did eventually produce her medical records, the records were not produced until months after the deadline set by the Court's April 25, 2014 Order. Plaintiff's records from Brielle Obstetrics were not produced until October 14, 2014, and her records from Monmouth Medical Center Associates until November 28, 2014, after Defendants filed the present Motion to dismiss. In addition to the lengthy delay in the production of Plaintiff's medical records, Plaintiff's counsel did not file the Stipulation regarding Plaintiff's emotional distress claims as instructed by the Court on April 1, 2014 until December 5, 2014. *See* Dkt. No. 51. Accordingly, because of the repeated and lengthy delays in complying with the Court's Orders, the Court finds that this factor weighs in favor of dismissal.

### *4. Willfulness or Bad Faith*

Under the fourth *Poulis* factor, the Court considers "whether the conduct of the party or the attorney was willful or in bad faith." *Poulis,* 747 F.2d at 868–69. In the dismissal context under the *Poulis* analysis, "[w]illfulness involves intentional or self-serving behavior." *Adams,* 29 F.3d at 875. "'[N]egligent behavior' or 'failure to move with dispatch'—even if 'inexcusable'—will not suffice to establish willfulness or bad faith." *Chiarulli,* 2010 WL 1371944, at *3 (quoting *Adams,* 29 F.3d at 875). However, "where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders a party's actions willful for the purposes of the fourth Poulis factor.'" *Hunt–Ruble*, 2012 WL 2340418, at *5 (quoting *Martino v. Solaris Health Systems Corp.,* No. 04–6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)).

There is no indication before the Court that Plaintiff has proceeded in bad faith. However, the Court does find that Plaintiff's conduct has been willful. While Plaintiff claims that she has "fully complied with Court Orders", she did not produce the medical records as ordered by the Court's April 25, 2015 Order until November 28, 2014. Plaintiff's continued disagreement with the Court's multiple Orders requiring the production of her medical records does not provide a basis for failing to comply with the Orders of this Court. Beyond Plaintiff's assertion that her medical records are irrelevant to this suit and that the production of the records would violate Plaintiff's privacy, Plaintiff has not provided any reason for her failure to comply with the Court's Orders. Accordingly, the Court finds that Plaintiff's failure to comply with the Orders of this Court requiring the production of her medical records has been willful, and therefore, this factor weighs in favor of dismissal.

### 5. *Effectiveness of Alternative Sanctions*

Alternative sanctions other than dismissal include (1) prohibiting the violating party from supporting or opposing claims or defenses, (2) striking pleadings, (3) staying proceedings, (4) rendering default judgment, (5) treating as contempt of court the failure to obey an order, and (6) imposing fees and costs incurred due to noncompliance. *See* Fed. R. Civ. P. 37(b)(2)(A). Here, although Plaintiff's production of her medical records was delayed and reluctant, Plaintiff has produced her medical records to Defendants. While Plaintiff's compliance with the Orders of this Court has been less than exemplary, Plaintiff's conduct has not risen to a level warranting the dismissal of her Complaint. However, if Plaintiff's pattern of noncompliance continues, the Court will consider alternative sanctions. Accordingly, because the Court finds that sanctions short of the dismissal of Plaintiff's Complaint would be effective, this factor weighs against dismissal.

### 6. *Meritoriousness of the Claims*

In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis,* 747 F.2d at 869–70. A court, however, is not required to "balance both parties' claims and defenses" or to "have a mini-trial before it can impose a default." *Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 922 (3d Cir. 1992). At this juncture, the Court does not possess a sufficient factual record to evaluate the meritoriousness of Plaintiff's claim. For the purpose of the present analysis, the Court will assume that Plaintiff's claims have merit. Accordingly, the Court finds that this factor weighs against dismissal.

"'*Poulis* requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" *See Williams v. Sullivan,* 2011 WL 2119095, at *8 (D.N.J. May

20, 2011) (quoting *Chiarulli,* 2010 WL 1371944, at *4). In this case, the Court finds that, on balance, the *Poulis* factors do not warrant the dismissal of Plaintiff's Complaint. The Court acknowledges that Plaintiff failed to comply with the Court's Orders requiring the production of her medical records until approximately seven months after the deadline set by the Court. However, Plaintiff has since produced her medical records. Accordingly, the Court finds that the dismissal of Plaintiff's Complaint is not appropriate at this juncture. Although the Court does not believe that sanctions are warranted at this time, the Court notes that Plaintiff has willfully and repeatedly failed to comply with the Orders of this Court and Plaintiff is hereby advised that any further failure to comply with the Orders of this Court may result in the imposition of sanctions.

### B. Plaintiff's Motion for the Entry of a Protective Order[2]

In response to Defendants' Motion to dismiss and Defendants' Motion to seal, Plaintiff seeks the entry of a Protective Order "declaring [P]laintiff's medical records in question to be protected, private and irrelevant to the instant matter and therefore protected from disclosure." Dkt. No. 55, Burke Cert. at ¶ 22. In opposition, Defendants argue that Plaintiff's request for the entry of a Protective Order is an attempt by Plaintiff to circumvent the Court's previous rulings requiring the disclosure of Plaintiff's medical records.

Pursuant to Rule 26(c), "[a] party or person from whom discovery is sought may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense[.]" For example, where good cause is shown, the court may forbid the disclosure or discovery (Rule 26(c)(1)(A)) or forbid inquiry into certain matters or limit the

---

[2] Although Plaintiff filed two separate Cross-Motions seeking the entry of a Protective Order, both Motions seek identical relief and are based on identical arguments. Accordingly, the Court will refer to both Cross-Motions as a single Motion seeking the entry of a Protective Order.

scope of disclosure or discovery to certain matters. Rule 26(c)(1)(D). While Rule 26(c) does not specifically reference privacy rights or other similar rights or interests, the rule implicitly protects such rights and, as such, would be an appropriate vehicle for protecting an individual's privacy. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 (1984) ("[a]lthough the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

It is well established that the party seeking entry of a protective order bears the burden of demonstrating that good cause exists for the order of protection. *Pansy v. Borough of Stroudsburg,* 22 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984). Further, the injury claimed "must be shown with specificity." *Id.; In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001) ("In delineating the injury to be prevented, *specificity is essential.*"). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient to establish good cause. *Cipollone v. Ligget Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied,* 484 U.S. 976 (1987).

"In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process." *Pansy,* 23 F.3d at 787. Under this process, the court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. When the risk of harm ... outweighs the need for discovery, disclosure [through discovery] cannot be compelled[.]" *Id.* (internal quotation marks and citation omitted). Nondisclosure in total is an "infrequent result." *Id.* (internal quotation marks and citation omitted). Instead, the issue usually becomes whether disclosure should be made in a

specified way. In determining whether good cause exists to limit disclosure, as permitted by Rule 26(c)(1)(D) and other provisions of Rule 26(c)(1), the court again balances the harm to the party or third persons seeking protection against the importance of disclosure to the public or the party seeking same. *Id.*

The Court finds that Plaintiff has failed to demonstrate good cause for the entry of a Protective Order declaring her medical records "protected, private and irrelevant to the instant matter." Dkt. No. 55, Burke Cert. at ¶ 22. Plaintiff's continued argument that her medical records are irrelevant to this suit has already been rejected by the Court on multiple occasions and continues to be unavailing. The Court has repeatedly considered Plaintiff's privacy interests and found that Plaintiff's medical records must be produced within the parameters of the Court's April 25, 2014 Order, and Plaintiff's present request for a Protective Order does not demonstrate any reason to deviate from the Court's prior rulings on this issue.

Furthermore, there is already a Discovery Confidentiality Order in place in this matter, and while the Court is mindful of Plaintiff's concerns regarding the disclosure of her medical records, Plaintiff has failed to demonstrate any clearly defined or serious injury that would result from the disclosure of her medical records to Defendants under the parameters of the Discovery Confidentiality Order entered by the Court on February 24, 2014. *See* Dkt. No. 16. Accordingly, because Plaintiff has failed to demonstrate good cause for protection beyond that provided by the operative Discovery Confidentiality Order, Plaintiff's requests for the entry of a Protective Order declaring her medical records "protected, private and irrelevant to the instant matter" are DENIED.

**C. Defendants' Motion to Seal**

Defendants request the entry of an Order sealing Plaintiff's medical records from Brielle Obstetrics and Monmouth Medical which are relied on by Defendants in support of their Motion to dismiss. *See* Dkt. No. 53. Defendants mailed Plaintiff's medical records to the Court *ex parte* and the records have not been electronically filed.  Plaintiff contends that her medical records should not appear on the docket of this case in any capacity and therefore opposes Defendants' Motion to seal.

Initially, the Court turns to the question of whether Plaintiff's medical records, which form the basis of Defendants' present Motion to dismiss, must be filed on the electronic docket. Instead of electronically filing Plaintiff's medical records along with their Motion to dismiss, Defendants mailed paper copies of the records to the Court. Under Local Civil Rule 5.3(c)(3):

> Any materials deemed confidential by a party or parties and submitted with regard to a motion to seal or otherwise restrict public access shall be filed electronically under the designation "confidential materials" and shall remain sealed until such time as the motion is decided . . .

Although Plaintiff objects to the filing of her medical records on the docket, the records are relied upon in Defendants' Motion to dismiss and are the subject to Defendants' Motion to seal, and therefore the records must be filed on the docket. *See Johnson v. Sullivan*, 2009 WL 2365478, at *1 (D.N.J. July 29, 2009) ("Unless and until the local rule is changed . . . electronic filing of documents deemed confidential is the requirement, and paper filing or other submission is the exception to be allowed upon application and judicial approval, like any other required procedure."). Accordingly, the Court finds that Plaintiff's medical records must be electronically filed.

Next, the Court must decide whether Plaintiff's medical records, once they are electronically filed, should be maintained under seal. There is a presumption of access to judicial records. *See In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir.2001). A party seeking to seal a portion of the judicial record bears the burden of demonstrating that "disclosure will work a clearly defined and serious injury to the party seeking disclosure," *Miller v. Ind. Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994). In this District, motions to seal are governed by Local Civil Rule 5.3. Under Rule 5.3, "[a]ny motion to seal or otherwise restrict public access . . . shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2).

Here, Defendants seek to seal Plaintiff's medical records which Plaintiff, although she opposes Defendants Motion to seal, contends are private and therefore exempt from disclosure. Upon review, the Court agrees that Plaintiff's private medical information must be kept private. *See Doe v. Delie,* 257 F.3d 309 (3d Cir.2001) (right to privacy in one's medical records is clearly recognized); *United States v. Westinghouse Elec. Corp.,* 638 F.2d 570, 577 (3d Cir.1980) ("There is no question that medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection."). Accordingly, because the Court finds that sealing Plaintiff's medical records is proper under Local Civil Rule 5.3(c), Defendants Motion to seal is GRANTED.

## III.    CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

15

**IT IS** on this 29th day of June, 2015,

**ORDERED** that Defendants' Motion to dismiss Plaintiff's Complaint [Dkt. No. 43] is

**DENIED**; and it is further

**ORDERED** that Plaintiff's Cross-Motion seeking the entry of a Protective Order [Dkt.

No. 50] is **DENIED**; and it is further

**ORDERED** that Defendants' Motion to seal Plaintiff's medical records filed in support

of Defendants' Motion to dismiss [Dkt. No. 53] is **GRANTED**[3]; and it is further

**ORDERED** that Plaintiff's Cross-Motion seeking the entry of Protective Order [Dkt. No.

55] is **DENIED**.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge

---

[3] Defendants shall electronically file Plaintiff's medical records under seal in accordance with this Order.

16